## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RITA HOPSON,              )
                                        )
                    Plaintiff,    )
                                          )
vs.                                       )      Case No. 14-1412-JTM-KGG
                                        )
VIA CHRISTI HEALTH,     )
                                        )
                   Defendant.  )
_____ )

## MEMORANDUM & ORDER ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES and
## REPORT & RECOMMENDATION OF DISMISSAL

In conjunction with her federal court Complaint[1] alleging wrongful employment discharge and discrimination (Doc. 1), Plaintiff Rita Hopson has filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 3, sealed), with an accompanying Affidavit of Financial Status (Doc. 3-1, sealed). Having reviewed Plaintiff's motion, as well as her financial affidavit and Complaint, the Court **GRANTS** Plaintiff's motion, but **RECOMMENDS** that the District Court **DISMISS** Plaintiff's claims pursuant to 28 U.S.C. §1915(e)(2) for failure to state a claim for which relieve may be granted.

### I.      Motion to Proceed *In Forma Pauperis*

---

[1] Plaintiff also includes a copy of her right to sue letter from the Equal Employment Opportunity Commission, establishing that she has exhausted her administrative remedies.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means.  28 U.S.C. § 1915(a).  In so doing, the court considers the affidavit of financial status included with the application.  *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In her supporting financial affidavit, Plaintiff indicates she is separated.[2]  (Doc. 3-1, sealed, at 1.)  She lists no dependents.  (*Id*., at 2.)  She is currently employed as a contact negotiator, making a modest monthly wage and receiving health insurance through her employer.  (*Id*.)  She indicates her husband is

---

[2]  The Court is unable to discern Plaintiff's age from the copy of her motion that has been electronically filed in the Court's docketing system.  Plaintiff's age is not, however, relevant to the Court's analysis of this motion.

employed as a "field service engineer," but provides no details regarding his compensation, indicating that "due to separation, spouse refuses to provide any information." (*Id*., at 3.)  She indicates they do not own real property, but lists two automobiles registered in her husband's name. (*Id*., at 3-4.)  She lists no government benefits other than unemployment compensation. (*Id*., at 4-5.)

Plaintiff indicates a small amount of cash on hand, as well as a larger amount in her husband's checking and/or savings accounts. (*Id*., at 4.)  She pays a significant amount for monthly rent and enumerates reasonable monthly expenses, including utilities, gas, and telephone. (*Id*., at 5.)  She does not indicate whether she has filed for bankruptcy, but lists significant student loans and medical bills. (*Id*., at 5-6.)

Considering all of the information contained in the financial affidavit, Plaintiff has reasonable monthly expenses and financial obligations with somewhat limited income.  The Court finds Plaintiff has established that she is entitled to file this action without payment of fees and costs.  The Court **GRANTS** Plaintiff leave to proceed *in forma pauperis* and directs that this case be filed without payment of a filing fee.

## II.    Sufficiency of Complaint and Recommendation for Dismissal.

3

Pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests." ***Mitchell v. Deseret Health Care Facility***, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013).[3]  The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." ***Harris v. Campbell***, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment).  *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face.  ***Hall v. Bellmon***, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss.  *See **Kay v. Bemis***, 500 F.3d 1214,

---

[3]  Courts have held that the screening procedure set out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike, regardless of their fee status.  *See e.g.,* ***Rowe v. Shake,*** 196 F.3d 778, 783 (7th Cir. 1999); ***McGore v. Wigglesworth,*** 114 F.3d 601, 608 (6th Cir. 1997).

1217-18 (10th Cir. 2007).   In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff.  *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir.2006).  The Court will also liberally construe the pleadings of a *pro se* plaintiff.  *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir.1991).  This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff.  *Hall*, 935 F.2d at 1110; *see also Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972).  Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action."  *Fisher v. Lynch*, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)).

"In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp.2d at 1260 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1974).   Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Kay v. Bemis*, 500 F.3d at 1218 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. At 1965).

While a complaint generally need not plead detailed facts, Fed. R. Civ. P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. *Monroe v. Owens*, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002).  Rule 8(a) requires three minimal pieces of information in order to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a).  After reviewing Plaintiff's Complaint (Doc. 1) and construing the allegations liberally, if the Court finds that she has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

Plaintiff, who is a citizen of Kansas, brings her claims against Defendant,

6

which is also a citizen of Kansas.  Thus, diversity is not a valid basis for federal

court jurisdiction.  Plaintiff does not, however, check any of the lines in the form

Complaint for bases of jurisdiction other than diversity.  (*See* Doc. 1, at 3.)

In her statement of claim, Plaintiff succinctly alleges, "I was wrongfully

discharged from Via Christi[.  T]wo [C]aucasian females reported I allegedly

threatened and intimidated them.  This was never proven or investigated.  I do

believe my rights have been violated." (*Id.*)  The factual basis for Plaintiff's claim

fails to state a claim upon which relief may be granted.  There is no allegation that

the termination of her employment was motivated by a protected class such as race,

sex, age, nationality, or religious affiliation.  In fact, Plaintiff does not even allege

that she belongs to any protected category.

The Court sympathizes with Plaintiff that, assuming the allegations

contained in her Complaint to be true, this is a highly frustrating and disheartening

situation.  Even so, based on the information presented in her Complaint, Plaintiff

has not plead a viable federal court cause of action.  The Court finds that Plaintiff

has failed to state a claim on which relief may be granted, requiring a

recommendation to the District Court of Plaintiff's claims pursuant to 28 U.S.C.

§1915(e)(2).  This Court **RECOMMENDS** to the District Court that the case be

**DISMISSED**.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for *IFP* status (Doc. 3) is **GRANTED**.

**IT IS RECOMMENDED** to the District Court that Plaintiff's Complaint be **DISMISSED** for the failure to state a claim on which relief may be granted.  The Clerk's office shall not proceed to issue summons in this case at the present time.

**IT IS THEREFORE ORDERED** that a copy of the recommendation shall be sent to Plaintiff *via* certified mail.  Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have ten days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, his written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge.  Plaintiff's failure to file such written, specific objections within the ten-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 13th day of January, 2015.

$s/$ K\ENNETH\ G.\ G\ALE

KENNETH G. GALE

United States Magistrate Judge